United States District Court
Southern District of Texas
**ENTERED**
July 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ALEJANDRO MARTINEZ-YANEZ,** | § | |
| Petitioner | § | |
| | § | |
| v. | § | Civil Action No. 1:16-159 |
| | § | Criminal No. 1:13-619-1 |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 30, 2016, Petitioner Alejandro Martinez-Yanez ("Martinez-Yanez") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1, p. 1. Martinez-Yanez seeks relief pursuant to the retroactive application of a recent United States Supreme Court decision, because his sentence was enhanced based upon prior crimes of violence. This is Martinez-Yanez's second § 2255 petition and he failed to obtain authorization from the Fifth Circuit to file this petition. Because that authorization is a necessary predicate to consideration of the claim in this Court, this Court lacks jurisdiction to consider Martinez-Yanez's petition. Accordingly, the Court recommends that Martinez-Yanez's motion be transferred to the Fifth Circuit Court of Appeals – the Court with proper jurisdiction to consider the application – for determination as to whether authorization for a successive habeas petition should be granted.

### I. Procedural and Factual Background

#### A. Indictment and Rearraignment

On July 30, 2013, a federal grand jury indicted Martinez-Yanez for illegally re-entering the United States. U.S. v. Martinez-Yanez, Criminal No. 1:13-619-1, Dkt. No. 8 (J. Hanen, presiding) (hereinafter "CR").

On September 13, 2013, appearing before a United States Magistrate Judge, Martinez-Yanez entered a guilty plea to illegal re-entry. CR Dkt. No. 14. Martinez-Yanez's written plea agreement confirms that Martinez-Yanez understood that, as part of his plea and

plea agreement – with limited exceptions, not applicable here – he was waiving his appellate rights. CR Dkt. No. 16, ¶ 11.

Paragraph 11 of the plea agreement provides:

> 11. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal the conviction and sentence imposed or the manner in which it was determined. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

CR Dkt. No. 16, ¶ 11.

The Magistrate Judge issued a report and recommendation that the District Court accept the guilty plea. CR Dkt. No. 14.

**B. Sentencing**

In the final presentence report ("PSR"), Martinez-Yanez was assessed a base offense level of eight for unlawfully entering the United States. CR Dkt. No. 19, pp. 4-5. Martinez-Yanez was also assessed an additional sixteen-level enhancement because he had three prior convictions for felony crimes of violence. Id. Those included a 1999 conviction for robbery and two prior convictions for aggravated assault – both in 2006. Id. Martinez-Yanez received a three-level reduction for acceptance of responsibility. Id. Thus, Martinez-Yanez was assessed a total offense level of 21.

Regarding his criminal history, Martinez-Yanez had nine adult criminal convictions, which resulted in 10 criminal history points. CR Dkt. No. 19, pp. 5-10. This resulted in a criminal history category of V. Id. The presentence report, based upon Martinez-Yanez's offense level of 21 and criminal history category V, identified a guideline range of 70 to 87 months of imprisonment. Id., p. 13.

On February 5, 2014, the District Court sentenced Martinez-Yanez to 70 months imprisonment, three years of supervised release – without direct supervision – and a $100.00 special assessment, which was ordered remitted. CR Dkt. No. 32. The judgment was issued

on February 18, 2014. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A)(I). Thus, Martinez-Yanez's deadline for filing a notice of appeal passed on March 4, 2014, without an appeal being filed.

### C. First Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255

On November 23, 2015, Martinez-Yanez filed his first § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Martinez-Yanez v. U.S., Civil No. 1:15cv207, Dkt. No. 1 [hereafter "CV1"]. In that motion, Martinez-Yanez asserted that his counsel was ineffective because he did not spend enough time with him; failed to "present a good defense" at sentencing; and, failed to make unspecified objections to the PSR. Id.

On February 4, 2016, the District Court denied the petition, finding that Martinez-Yanez raised only conclusory allegations as to his claims of ineffective assistance of counsel. CV1, Dkt. No. 3.

### D. Instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255

On June 30, 2016, Martinez-Yanez filed the present motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. In this motion, Martinez-Yanez asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act because he was subject to the residual clause that was struck down in Johnson v. U.S., 135 S. Ct. 2551(2015). Dkt. No. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the Court clearly lacks jurisdiction to consider the petition, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Martinez-Yanez seeks relief under 28 U.S.C. § 2255. Dkt. No. 1, p. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence

3

was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A second petition is barred under this rule, unless it has been certified by the court of appeals. That language provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2).

In turn, 28 U.S.C. § 2244(b)(3)(A) provides, "[b]efore a second or successive application permitted by this section <u>is filed in the district court</u>, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added). Thus, "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the appeals] court has granted the petitioner permission to file one." <u>U.S. v. Key</u>, 205 F.3d 773, 774 (5th Cir. 2000).

### III. Analysis

The dispositive questions in the current posture of Martinez-Yanez's petition are what constitutes a successive petition and, in the event of a successive petition, does this Court have jurisdiction over such claims, without a prior order of the Circuit Court. As to the first, for the reasons discussed below, the instant petition is a successive petition. As to the

second, this Court lacks jurisdiction over such claims without a prior order of the Circuit Court. Because Martinez-Yanez has failed to demonstrate that he has obtained such an order, the Court lacks jurisdiction to consider the petition and the case should be transferred to the Fifth Circuit Court of Appeals.

When a petitioner files a second or subsequent habeas petition attacking the same judgment of conviction that was attacked in the first petition, the second or subsequent petition is considered to be a successive petition. See Hardemon v. Quarterman, 516 F.3d 272, 275-76 (5th Cir. 2008) ("to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction.") (quoting Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003)). The instant petition attacks the same judgment of conviction as the first habeas petition filed by Martinez-Yanez. Under the broad rule of Hardemon, it is a successive petition.

Martinez-Yanez argues that his petition is based on a new rule of constitutional law that was made retroactive on collateral review by the Supreme Court. Welch v. U.S., 136 S. Ct. 1257, 1268 (2016) ("Johnson announced a substantive rule that has retroactive effect in cases on collateral review.").

As relevant here, it is clear that petitions premised upon "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court)" constitute successive petitions. Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009) (parentheses original).[1] Indeed, the relevant statute categorizes a second habeas petition to be one based upon a new rule of constitutional law. See 28 U.S.C. § 2244(B)(2)(A) (stating that "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

This holding does not prohibit Martinez-Yanez from pursuing this claim. In certain

---

[1] Leal Garcia was a § 2254 habeas case; the Fifth Circuit has held that the same "second or successive" analysis applies to both § 2254 and § 2255 petitioners. In re Parker, 575 F. App'x 415, 417 n. 2 (5th Cir. 2014) (unpubl.) (citing In re Lampton, 667 F.3d 585, 588 (5th Cir. 2012)).

circumstances, successive claims are permitted, but only after obtaining the Circuit Court of Appeals' permission. 28 U.S.C. § 2244(b)(3)(A). In the absence of that authorization, the district court lacks jurisdiction to hear the case. Key, 205 F.3d at 774. That is the case, here.

Martinez-Yanez has not identified, and the Court has not found, any authorization from the Fifth Circuit allowing Martinez-Yanez to file his claim in this Court. Absent such an authorization, this Court lacks jurisdiction to hear Martinez-Yanez's claim. Thus, the Court is precluded from considering the merits of Martinez-Yanez's claim.

In order to expedite consideration of Martinez-Yanez's claims, the Court should transfer his petition to the Fifth Circuit Court of Appeals for consideration of whether he has made a prima facie case for habeas relief. See In re Epps, 127 F.3d 364, 364-65 (5th Cir. 1997) (discussing the procedure for transferring successive habeas petitions). Martinez-Yanez's claim is based on the Supreme Court's decision in Johnson. Dkt. No. 1. Martinez-Yanez must file his petition within one year of the Supreme Court's decision. 28 U.S.C. § 2255(f)(3). Johnson was decided on June 26, 2015. Johnson, 135 S. Ct. 2551. If this Court dismissed Martinez-Yanez's petition, there is a distinct possibility that any petition filed in the Fifth Circuit would be untimely filed. In order to avoid that scenario, the Court should transfer the petition to ensure that it is considered on its merits.[2]

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that Petitioner Alejandro Martinez-Yanez's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **TRANSFERRED** to the Fifth Circuit for consideration as a successive habeas petition, pursuant to In re Epps, 127 F.3d 364, 364 (5th Cir. 1997).

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the

---

[2] The Court notes that in a nearly-identical § 1326 case, the Fifth Circuit held that the "crime of violence" sentencing enhancement was unconstitutionally vague, based on the reasoning of Johnson. U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016) reh'g en banc ordered, 815 F.3d 189. That decision is currently being considered en banc by the Fifth Circuit, but given its holding, there is even further reason for this case to be transferred to the Fifth Circuit.

Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1)(eff. Dec. 1, 2009).  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

      DONE at Brownsville, Texas, on July 6, 2016.

                                                _____
                                                Ronald G. Morgan
                                                United States Magistrate Judge